IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEMARCUS KENARD JOE,           §
     Plaintiff,               §
                            §
v.                             §     No. 3:19-cv-00982-S (BT)
                            §
                            §
FRANIS MWANGI et al.,          §
     Defendants.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demarcus Joe, a Texas prisoner, filed a *pro se* civil action alleging violations of his federal civil rights.[1] For the following reasons, the Court should dismiss Plaintiff's complaint under Fed. R. Civ. P. 41(b).

I.

On April 24, 2019, the Court entered a Notice of Deficiency and Order (ECF No. 6) informing Plaintiff that he had failed to pay the required filing fee or file a motion to proceed *in forma pauperis*. The notice informed Plaintiff that failure to cure the deficiency within 30 days would result in a recommendation that the case be dismissed. *Id.* 2. More than 30 days have passed, and Plaintiff has failed to pay the filing fee, file a motion to proceed *in forma pauperis*, or otherwise respond to the Court's order.

---

[1] Plaintiff initially filed his case in the Southern District of New York and that court transferred the case to the Northern District of Texas.

1

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). Here, the Court entered an order requiring Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis.* However, Plaintiff has failed to respond to the Court's order. This litigation cannot proceed until Plaintiff complies with the Court's order and either pays the filing fee or files a motion to proceed *in forma pauperis.* Accordingly, Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 41(b).

## III.

The complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

Signed June 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).